IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARLON CORTEZ ROSS,                )
                                   )
                Petitioner,        )
                                   )        1:17CV443
        v.                         )        1:15CR271-1
                                   )
UNITED STATES OF AMERICA,          )
                                   )
                Respondent.        )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

This matter is before the court on Petitioner's motion to
vacate, set aside, or correct sentence made pursuant to 28
U.S.C. § 2255. (Doc. 91.) The Government has filed a motion to
dismiss and response, (Doc. 96). Petitioner has filed a reply,
(Doc. 99), a motion to amend his reply, (Doc. 101), and a second
motion to amend his reply, (Doc. 103). Petitioner also filed a
document entitled "Plaintiff's Motion for Summary Judgment" and
a related Memorandum on October 17, 2019. (Doc. 107.) That
document in large part restates Petitioner's arguments already
raised in Petitioner's second motion to amend, (Doc. 103). The
motion for summary judgment, (Doc. 107), will not be addressed
separately in this opinion, although it has been considered by
this court and will be denied. The first motion to amend the

reply will granted in part; however, to the extent the motion seeks to amend the Petition, that will be denied as futile.

The issues are ripe for ruling. For the reasons that follow, the Petition will be dismissed.

I.    BACKGROUND

Petitioner was charged in a fifteen-count Indictment. Petitioner entered a plea of guilty to Counts One, Two, Three, Four, and Seven pursuant to a written plea agreement whereby the remaining ten counts were dismissed. (See Plea Agreement (Doc. 42).) Count One charged a violation of 21 U.S.C. § 846; Count Two charged a violation of 21 U.S.C. § 856(a)(1); Count Three charged a violation of 21 U.S.C. § 841(a)(1); Count Four charged a violation of 18 U.S.C. § 924(c)(1)(A)(i); and Count Seven charged a violation of 18 U.S.C. § 922(g)(1). (Indictment (Doc. 1).) The plea agreement contained, inter alia, the following provision:

> It is further agreed by and between the United States and the defendant, Marlon Cortez Ross, that, in exchange for the Government's dismissal . . . the defendant, MARLON CORTEZ ROSS, expressly waives the right to appeal the conviction and whatever sentence is imposed on any ground . . . and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal based upon grounds of (1) ineffective assistance of counsel . . . .

(Plea Agreement (Doc. 42) at 6-9.)

On May 9, 2016, Petitioner was sentenced to a total of 138 months imprisonment. (See Minute Entry 05/09/2016; Judgment (Doc. 76) at 2.) That total sentence included sentences of 78 months for Counts One, Two, Three, and Seven, all imposed to run concurrently. This court imposed a sentence of 60 months as to Count Four and ordered that sentence to run consecutively as to the sentences imposed on Counts One, Two, Three, and Seven. (Id.) Petitioner did not appeal the sentence.

On May 12, 2017, Petitioner filed his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Petition"). (Doc. 91.) Petitioner has not sought to amend his Petition, but has, on two separate occasions, requested permission to amend his reply. (See Motion to Amend Petitioner's Reply to the Government's Response in Opposition to his § 2255 Motion to Vacate ("First Mot. to Am.") (Doc. 101); Second of [sic] Motion to Amend Petitioner's Reply to the Government's Response in Opposition to his § 2255 Motion to Vacate ("Second Mot. to Am.") (Doc. 103).)

Petitioner raises the following grounds for relief:

Ground One: "Marlon Ross's criminal judgment violates due process since it was not intelligent, knowing, or voluntary," (Petition (Doc. 91) at 4).[1]

Ground Two: "Defense counsel's inadequate plea-stage advice denied Mr. Ross the constitutional guarantee of the assistance of counsel," (id. at 6).

Ground Three: "Sentencing counsel's deficient performance denied Mr. Ross his Sixth Amendment guarantee of the assistance of counsel," (id. at 9).

Ground One is divided into two subparts, and both subparts are based upon allegations of ineffective assistance of counsel. Petitioner alleges (1) that counsel failed to advise him of certain rights and options, and (2) that he did not know the elements of a § 924(c) charge. (Id. at 5.) Ground Two alleges counsel failed to adequately advise Petitioner during the plea-bargaining process, and that counsel erroneously advised Petitioner regarding an alleged comment about his interracial marriage. (Id. at 7.) Because Grounds One and Two significantly overlap, those grounds will be addressed together in this order.

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

The Government responds that the Petition should be dismissed without an evidentiary hearing. The Government asserts the waiver contained in Petitioner's plea agreement precludes Petitioner collaterally attacking a sentencing error that did not involve a mistake by counsel. (Government's Motion to Dismiss and Response ("Gov't Resp.") (Doc. 96) at 2). This court agrees — to the extent Petitioner asserts any claims that are not excepted by the waivers contained in the plea agreement, (Plea Agreement (Doc. 42) at 6-9), this court finds the waiver of post-conviction challenges valid and binding and will only address those matters raising claims of ineffective assistance of counsel.[2]

## II. ANALYSIS

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case

---

[2] Petitioner does raise issues involving the voluntariness of his guilty plea. Though these claims are not barred by his appeal waiver, they are procedurally barred for reasons set out herein.

conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

To demonstrate ineffective assistance of counsel, as alleged here, a petitioner must establish: (1) that his attorney's performance fell below a reasonable standard for defense attorneys, and (2) that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). With respect to the first prong, the petitioner bears the burden of affirmatively showing that his counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms. Id. at 688-89; Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). With respect to the second prong, the petitioner must show that prejudice resulted from the deficient performance. Strickland, 466 U.S. at 694. Prejudice exists when there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. A reasonable probability is one "sufficient to undermine confidence in the outcome." Spencer, 18 F.3d at 233 (citing Strickland, 466 U.S. at 694).

To obtain a hearing or any form of relief, "a habeas petitioner must come forward with some evidence that the claim might have merit." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). The petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), vacated on other grounds, 218 F.3d 310 (4th Cir. 2000) (en banc).

A petitioner's own admissions during a Rule 11 colloquy are especially important in analyzing a Section 2255 claim. As the Fourth Circuit put it,

> courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . Thus, in the absence of extraordinary circumstances, . . . a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the [defendant's] sworn statements.

United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005).

"A movant's 'declarations in open court carry a strong presumption of verity,' and a prisoner found guilty based on a guilty plea is 'bound by the representations he makes under oath during a plea colloquy' unless he provides 'clear and convincing

- 7 -

evidence to the contrary.'" Colley v. United States, Nos. 1:15-cr-203 (LMB); 1:16-cv-1297 (LMB), 2017 WL 1362031, at *4 (E.D. Va. Mar. 24, 2017) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977) and Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1299 (4th Cir. 1992)).

This court has separately reviewed the Rule 11 transcript from Petitioner's Change of Plea Hearing. (Transcript of Change of Plea ("Change of Plea Tr.") (Doc. 105).) Comparing those admissions, as well as those made during Petitioner's sentencing, to Petitioner's current 2255 claims, this court is unpersuaded that Petitioner is entitled to relief on any of his three grounds.

A.    Grounds One and Two: Ineffective Assistance of Counsel

Within Grounds One and Two, Petitioner alleges the following basis for his claims of ineffective assistance of counsel:

1.   That Petitioner "believed that if he did not sign the plea agreement, then he would have been given a life sentence," (Petition (Doc. 91) at 5);

2.   That counsel did not advise Petitioner that he could "plead guilty[] to the non-gun charges and take the in furtherance charge to trial," (id.);

3. That Petitioner "did not understand the options available to him at the time of the guilty plea, nor did he know the consequences for the choices he was presented," (id.);

4. That Petitioner "did not know the elements of the § 924 charge if he had understood that constructive possession of a firearm, alone, was insufficient to permit conviction . . . then he would not have pleaded guilty," (id.);

5. That Petitioner's "counsel breached his duty to ensure Mr. Ross's decision to plead guilty was informed," (id. at 7); and,

6. That Petitioner's "[c]ounsel's deficient plea bargaining advise [sic] also included advise [sic] that Mr. Ross did not stand a chance because of his inter-racial marriage," (id. at 7).

Reviewing all of Petitioner's motions and pleadings, it seems that Petitioner focuses first on Counts One, Two, Three, and Seven and later focuses more intently on Count Four. For that reason, the court will first address Petitioner's claims as to Counts One, Two, Three, and Seven. The court will then turn to Petitioner's arguments targeted at Count Four.

### 1. Counts One, Two, Three, and Seven

As to Counts One, Two, Three, and Seven, Petitioner has not presented any facts which would support the requested relief. As

noted above, Petitioner's current allegations, to the extent they are directed to those counts, should be dismissed.

As an initial matter, Petitioner's ineffective assistance of counsel arguments also implicate an argument that his plea was not knowing and voluntary. Even an appeal waiver does not cut off a petitioner's right to challenge the voluntariness of a guilty plea. United States v. McCoy, 895 F.3d 358, 364 (4th Cir.), cert. denied, _____ U.S. _____, 139 S. Ct. 494 (2018) (noting that a waiver of appeal rights does not cut off a petitioner's right to challenge the validity of the plea itself when the petitioner challenges the underlying factual basis). Such a challenge, however, is not normally available to a Section 2255 petitioner unless they first raised any issues of voluntariness on direct appeal. Bousley v. United States, 523 U.S. 614, 621-22 (1998). "To overcome this procedural bar, Petitioner would be required to demonstrate either cause and actual prejudice or that he is actually innocent." Carrasco v. United States, No. 3:16-cv-298-RJC, 3:13-cr-199-RJC-1, 2016 WL 6023539, at *5 (W.D.N.C. Oct. 13, 2016) (citing Bousley, 523 U.S. at 622). Here, Petitioner did not ever appeal his guilty plea, and he offers no reason as to why, only that his "attorney did not file an appeal." (Petition (Doc. 91) at 14.) Further, Petitioner does not argue that there are some facts that have

come to light since his Rule 11 hearing that were not available to him during his appeal window. Finally, whatever actual innocence claims Petitioner attempts to make are time-barred and factually insufficient, as will be explained below.

Even though any attempt by Petitioner to raise a collateral attack against the voluntariness of his plea is procedurally barred, such an attack would fail even if it was allowed. Petitioner has presented no facts to support a finding that his guilty plea was not knowing and intelligent. See Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). During the Rule 11 hearing, Petitioner stated that he understood the statutory penalties applicable upon conviction as to each of those offenses, (Change of Plea Tr. (Doc. 105) at 9-14), and that he understood the elements of each of those offenses, (id. at 18-21). During the course of the Rule 11 hearing, this court advised Petitioner of the following and then called upon him to enter his plea:

> THE COURT: And do you further understand that by pleading guilty to these offenses, you are admitting to the elements of the offenses as those facts are described in each of the counts of the indictment?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you have any questions about anything we've been over before I call upon you to enter your plea in this case?
>
> THE DEFENDANT: No.

THE COURT: Then in Case No. 1:15CR271-1, United States versus Marlon Cortez Ross, how do you plead to the offense charged in Count One?

THE DEFENDANT: Guilty.

THE COURT: And how do you plead to the offense charged in Count Two?

THE DEFENDANT: Guilty.

THE COURT: And to the offense charged in Count Three?

THE DEFENDANT: Guilty.

THE COURT: And to the offense charged in Count Four?

THE DEFENDANT: Guilty.

THE COURT: And to the offense charged in Count Seven?

THE DEFENDANT: Guilty.

THE COURT: And are you pleading guilty because you are, in fact, guilty?

THE DEFENDANT: Yes.

(Id. at 21-22.)

In addition to these admissions made by Petitioner, he and his counsel were also asked about the facts contained in the written factual basis. (Factual Basis (Doc. 39).) The following exchange took place regarding the factual basis:

THE COURT: Mr. Davis, a written factual basis has been filed in Mr. Ross's case. Have you received a copy of that and reviewed –

MR. DAVIS: I have and reviewed it with him, Your Honor.

- 12 -

THE COURT: Are there any objections?

MR. DAVIS: We generally agree with the factual basis. We would reserve the right to contest the number of weapons, even though no specific number is mentioned.

THE COURT: All right. Mr. Ross, have you reviewed the factual basis with Mr. Davis?

THE DEFENDANT: Yes.

THE COURT: And do you generally agree with the facts?

THE DEFENDANT: Yes.

(Change of Plea Tr. (Doc. 105) at 22-23.) Although Petitioner, in one of his replies, argues he responded equivocally to the court's query about the factual basis, (Petitioner's Reply to Government's Response ("Pet'r's Reply") (Doc. 99) at 6-7), the fact is, Petitioner admitted his guilt while under oath in an unequivocal fashion and raised no objections to the factual basis other than the number of firearms that might be involved in the offense conduct. Petitioner's failure to present any facts to undermine his admissions made during the Rule 11 colloquy completely undermine any claim as to Counts One, Two, Three, and Seven. See Colley, 2017 WL 1362031, at *4 (quoting Blackledge, 431 U.S. at 74 and Fields, 956 F.2d at 1299) ("A movant's 'declarations in open court carry a strong presumption of verity,' and a prisoner found guilty based on a guilty plea is 'bound by the representations he makes under oath during a

plea colloquy' unless he provides 'clear and convincing evidence
to the contrary.'"). Since "a district court should, without
holding an evidentiary hearing, dismiss any § 2255 motion that
necessarily relies on allegations that contradict the
[defendant's] sworn statements," Lemaster, 403 F.3d at 221-22,
this court dismisses any claim by Petitioner that his guilty
pleas to Counts One, Two, Three, and Seven were not knowing and
voluntary.

Turning back to Petitioner's various arguments regarding
the ineffectiveness of his counsel, Petitioner's claim that he
"believed that if he did not sign the plea agreement, then he
would have been given a life sentence," (Petition (Doc. 91) at
5), fails to demonstrate ineffective assistance of counsel.
Petitioner was charged in three separate counts alleging
violations of 18 U.S.C. § 924(c); as to each of those counts, he
faced a statutory maximum sentence of life in addition to the
consecutive terms of imprisonment upon conviction. (See
Indictment (Doc. 1) at 3-4, 6 (Counts Four, Six, Thirteen); see
also 18 U.S.C. § 924(c); United States v. Cristobal, 293 F.3d
134, 146 (4th Cir. 2002). Petitioner did, in fact, face a
possibility of a life sentence if convicted on one or more
counts charging a violation of 18 U.S.C. § 924(c); at a minimum,
he certainly faced the practical equivalent of life were he to

be convicted on all three counts charging a violation of 18 U.S.C. § 924(c). Petitioner fails to provide a specific allegation as to why the advice was improper or what, if any, effect that may have had upon his decision to accept a plea agreement. "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the [d]istrict [c]ourt." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (internal quotation marks and citation omitted). Petitioner's allegation regarding his fear of a life sentence does not merit a hearing.

Petitioner claims he was not informed that he could plead guilty to some charges but proceed to trial on Count Four. (Petition (Doc. 91) at 5.) Petitioner is incorrect — this court advised Petitioner he had "the right to plead not guilty to any or all charges" and that he had a "right to a trial by jury." (Change of Plea Tr. (Doc. 105) at 17 (emphasis added).) The court asked Petitioner if he understood his trial rights; Petitioner responded "Yes, I do." (Id. at 18.) Petitioner's claim is flatly contradicted by his own sworn admissions.

Petitioner's allegation that he "did not understand the options available to him at the time of the guilty plea, nor did he know the consequences for the choices he was presented," (Petition (Doc. 91) at 5), also fails to present a claim since

- 15 -

Petitioner has not demonstrated he had any options other than to accept the Government's tendered plea agreement or proceed to trial. The Rule 11 colloquy ensured Petitioner understood his right to trial. (Change of Plea Tr. (Doc. 105) at 17 ("You have the right to plead not guilty to any or all charges. You have the right to a trial by jury, which means you have the right to have your guilt or innocence determined by a jury.").)

Petitioner's allegation that "counsel breached his duty to ensure Mr. Ross's decision to plead guilty was informed," (Petition (Doc. 91) at 7), is a conclusory allegation and not supported by any fact demonstrating relief is appropriate. As discussed at the beginning of this section, Petitioner's own admissions during the Rule 11 colloquy demonstrate that his attorney satisfactorily counseled him regarding his charges. This allegation is, therefore, also "vague and conclusory" and will be "disposed of without further investigation by the [d]istrict [c]ourt." Dyess, 730 F.3d at 359.

Finally, Petitioner's claim regarding a discussion of his marriage is really a claim that he was not properly advised of the risks should he choose to proceed to trial on the merits. As noted above, to establish ineffective assistance of counsel, Petitioner must not only show that counsel's representation was improper; Petitioner also "bears the burden of affirmatively

proving prejudice." Bowie, 512 F.3d at 120. If the petitioner
fails to meet this burden, a "reviewing court need not even
consider the performance prong." Rhynes, 196 F.3d at 232. When a
defendant claims ineffective assistance of counsel as to a
guilty plea, "in order to satisfy the 'prejudice' requirement,
the defendant must show that there is a reasonable probability
that, but for counsel's errors, he would not have pleaded guilty
and would have insisted on going to trial." Hill v. Lockhart,
474 U.S. 52, 59 (1985).

Petitioner alleges "[c]ounsel's deficient plea bargaining
advise [sic] also include counsel's advise [sic] that Mr. Ross
did not stand a chance because of his inter-racial marriage."
(Petition (Doc. 91) at 7). Counsel denies making any such
statement.[3] (Gov't Resp. (Doc. 96), Attach. 1, Affidavit of
Gregory Davis (Doc. 96-1) at 2.) As Petitioner argues, in some
circumstances, these competing allegations could create an issue
of fact requiring an evidentiary hearing, (Pet'r's Reply (Doc.
99) at 5-6); however, they do not do so in this case, nor do
these allegations create a material issue of fact.

---

[3] The court finds that these allegations regarding counsel's
advice are completely implausible. Nevertheless, the court will
treat the allegations as true at this point in the proceeding
since they have been submitted by Petitioner under oath.

First, these allegations conflict with Petitioner's

admissions during the Rule 11 hearing:

> THE COURT: Have you fully discussed the charges
> contained in the indictment and the case in general
> with Mr. Davis?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And have you and Mr. Davis discussed any
> possible defenses you might have to the charges?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Are you fully satisfied with the services
> of your attorney and his counsel, representation, and
> advice?
>
> THE DEFENDANT: Yes.

(Change of Plea Tr. (Doc. 105) at 5.) Now, Petitioner claims

that he was not satisfied with counsel's advice because of

counsel's alleged concern over his marriage; Petitioner's own

responses, made under oath, discredit this claim.

Second, assuming, arguendo, that this conversation ever

took place, Petitioner fails to show that there is any

reasonable probability the result of this proceeding would have

been different or, more specifically, that Petitioner would have

elected to proceed to trial, at least as to Counts One, Two,

Three, and Seven. As to these counts, Petitioner makes no

showing that he would have elected to proceed to trial under any

circumstances considering his admitted and established guilt of

those offenses. Therefore, this alleged discussion is not

- 18 -

material: Petitioner's allegations fail to explain why he would
have chosen to reject the plea agreement and proceed to trial
when he was, by his own admission, guilty of the offenses to
which he pled guilty.

"Where the files and records conclusively show that the
prisoner is entitled to no relief, summary dismissal is
appropriate." Raines v. United States, 423 F.2d 526, 529 (4th
Cir. 1970). As to his claims for Counts One, Two, Three, and
Seven, Petitioner's pleadings and motions show he is not
entitled to relief.

### 2. Count Four: Allegedly Unknowing Guilty Plea

Petitioner focuses especially on Count Four, the offense
charging a violation of 18 U.S.C. § 924(c), devoting a
substantial amount of argument solely to his alleged improper
guilty plea on that count. (See Pet'r's Reply (Doc. 99) at 6;
Second Mot. to Am. (Doc. 103) at 2-4.) From his Petition and
through his Second Motion to Amend, Petitioner's arguments
surrounding Count Four have evolved from claims of an unknowing
guilty plea to claims of actual innocence.

First, as noted above, any collateral attack by Petitioner
on the knowing and voluntary nature of his guilty plea is barred
since he did not raise the issues on direct appeal, nor does he
now offer any reasons to bound over that procedural bar. United

States v. Dixon, 105 F. App'x 450, 451 (4th Cir. 2004) (quoting Bousley, 523 U.S. at 621-22) ("Even the voluntariness and intelligence of a plea . . . can be attacked collaterally only if first challenged on direct review or upon a showing of cause and prejudice or actual innocence."). Petitioner offers no reason for why he did not raise the issue on appeal, only that his "attorney did not file an appeal." (Petition (Doc. 91) at 14.)

Even if Petitioner's claim regarding his plea to Count Four was not barred by his failure to appeal, the claim would still fail. Starting with the Petition, Petitioner alleges that he "did not know the elements of the § 924 charge if he had understood that constructive possession of a firearm, alone, was insufficient to permit a conviction . . . then he would not have pleaded guilty." (Petition (Doc. 91) at 5.) Count Four alleges:

> On or about December 12, 2014, in the County of Yadkin, in the Middle District of North Carolina, MARLON CORTEZ ROSS, in furtherance of a drug trafficking crime . . . did knowingly possess a firearm, that is, a handgun; in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

(Indictment (Doc. 1) at 3.)

As noted, Petitioner argues that he was unaware of all the elements of a Section 924(c) charge in that he did not understand that constructive possession was not enough for a conviction. First, as will be shown below, the facts to which

Petitioner admitted support a finding of <u>actual</u>, not
constructive possession, making his understanding of the nuances
of constructive possession a moot point. Even if it was not
moot, however, Petitioner does not suggest that he was not
properly advised of the elements of the offense during the Rule
11 hearing. Constructive and actual possession are not matters a
court is required to address at a Rule 11 hearing, as they are
different types of possession, not elements of the offense. <u>See</u>
Fed. R. Crim. P. 11(b)(1)(G) ("[T]he court must . . . determine
that the defendant understands . . . the nature of each charge
to which the defendant is pleading."). Of course, if during a
Rule 11 hearing the defendant expresses confusion about
constructive versus actual possession, then the court should
ensure the defendant's confusion is adequately resolved. <u>See</u>
<u>United States v. Maye</u>, 582 F.3d 622, 630 (6th Cir. 2009)
(finding plain error in a Rule 11 hearing where the defendant
expressed confusion about types of possession, the district
court affirmatively misled the defendant, and the prosecution
failed to produce evidence satisfying all the elements of a
Section 924(c) charge); <u>United States v. Hornbuckle</u>, 427 F.
App'x 172, 177 (3d Cir. 2011) (discussing case where defendant
asked about constructive possession and the court adequately
addressed the questions). In this case, however, the Petitioner

never expressed any confusion during the Rule 11 hearing about
the nature of his possession or the elements of a Section 924(c)
violation. (Change of Plea Tr. (Doc. 105) at 20 ("THE COURT:
And, two, in furtherance of that crime, you knowingly possessed
a firearm as described in the indictment. Do you understand the
elements of the offense charged in Count Four? THE DEFENDANT:
Yes, sir.").)

Petitioner was aware of the elements of the crime; he also
admitted to more than sufficient facts to support his guilty
plea to Count Four on a theory of actual possession. While under
oath at the Rule 11 hearing, Petitioner agreed with the facts in
the filed factual basis. (Change of Plea Tr. (Doc. 105) at 22-
23.) The factual basis contains the following description of the
offense conduct:

> On or about December 12, 2014, the Yadkin County
> Sheriff's Office (YCSO) conducted an undercover
> purchase of approximately 2.4 grams of suspected
> cocaine base "crack" and two dosage units of Oxycodone
> from MARLON "Mo" CORTEZ ROSS (M. ROSS), a convicted
> felon. A YCSO undercover officer (UC1) purchased the
> narcotics from M. ROSS at his residence located at 220
> Williams Street, Jonesville, NC. After arriving at
> M. ROSS' residence, UC1 and a Confidential Informant
> (CI) went back into M. ROSS' bedroom, where M. ROSS
> pulled a metal box from under his bed. When M. ROSS
> opened the metal box, UC1 observed a pistol on top of
> a clear plastic bag that contained several other clear
> plastic bags of suspected cocaine hydrochloride,
> cocaine base and United States Currency. M. ROSS took
> the firearm out of the box and placed it on a small
> table beside the bed. UC1 informed ATF SA Schauble

that no one talked about the firearm, but M. ROSS
displayed it as if "showing it off."

(Factual Basis (Doc. 39) at 1-2.) The Presentence Report was

essentially a verbatim recitation of the same facts.

(Presentence Investigation Report ("PSR") (Doc. 67) ¶ 14.)

Petitioner was asked the following questions about his

Presentence Report:

> THE COURT: All right. Mr. Ross, if I -- have you
> received -- have you reviewed the presentence report
> with Mr. Davis?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And if I accept the presentence report as
> the Government recommends in terms of amendments,[4] are
> there any other objections?
>
> THE DEFENDANT: No, sir.

(Transcript of Sentencing ("Sentencing Tr.") (Doc. 106) at 3.)

Thus, on two separate occasions, once at the sentencing

hearing and once while under oath at the Rule 11 hearing,

Petitioner agreed with these facts. As repeatedly and

necessarily noted above, "[a] movant's 'declarations in open

court carry a strong presumption of verity,' and a prisoner

found guilty based on a guilty plea is 'bound by the

---

[4] During the sentencing hearing, the Government and defense
counsel announced that they had reached an agreement that the
four-level adjustment for possessing a firearm with an
obliterated serial number should not apply. (Sentencing Tr.
(Doc. 106) at 2-3.)

representations he makes under oath during a plea colloquy'
unless he provides 'clear and convincing evidence to the
contrary.'" Colley, 2017 WL 1362031, at *4 (quoting Blackledge,
431 U.S. at 74 and Fields, 956 F.2d at 1299).

The facts as established by the Government and admitted to
by Petitioner clearly establish a violation of 18 U.S.C.
§ 924(c)(1)(A)(i) based upon actual, not constructive,
possession. The facts also establish that the firearm was used
in furtherance of a drug crime. As described in United States v.
Perry:

> In order to prove the § 924(c) violation, the
> government was required "to present evidence
> indicating that the possession of a firearm furthered,
> advanced, or helped forward a drug trafficking crime.
> However, whether the firearm served such a purpose is
> ultimately a factual question." See United States v.
> Lomax, 293 F.3d 701, 705 (4th Cir. 2002). Factors that
> the jury may consider include: "the type of drug
> activity that is being conducted, accessibility of the
> firearm, the type of weapon, whether the weapon is
> stolen, the status of the possession (legitimate or
> illegal), whether the gun is loaded, proximity to
> drugs or drug profits, and the time and circumstances
> under which the gun is found." Id. (internal quotation
> marks omitted). We must affirm the jury's verdict
> against a sufficiency challenge "if there is
> substantial evidence, taking the view most favorable
> to the Government, to support [it]." United States v.
> Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc)
> (quoting Glasser v. United States, 315 U.S. 60, 80
> (1942)).

560 F.3d 246, 254 (4th Cir. 2009). Here, the firearm was
collocated with the drugs, Petitioner's possession of the

firearm was unlawful by virtue of a prior felony conviction, the firearm was displayed during the commission of the related and charged drug offense, and the firearm was a handgun.

Petitioner's claims that he only sold firearms and that he did not have possession of the firearms for the purpose of furthering his drug business, (Pet'r's Reply (Doc. 99) at 3), are completely contrary to the facts which Petitioner admitted as to Count Four. This court further finds that Petitioner's allegations as to Count Four, as stated in his Petition, are frivolous and contrary to the record. "[C]onclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the [d]istrict [c]ourt." Dyess, 730 F.3d at 359 (internal quotation marks omitted).

Petitioner changed his Count Four argument following the Government's response to his Petition. Initially, Petitioner alleged that he "did not know the elements of the § 924 charge if he had understood that constructive possession of a firearm, alone, was insufficient to permit a conviction under § 924(c)(1)(A)(i), then he would not have pleaded guilty." (Petition (Doc. 91) at 5.) The Government responded to the Petition and argued that Petitioner

> had actual possession of the firearm in Count 4, the
> § 924(c) charge. The facts regarding Count Four, as
> shown in the Factual Basis, pp. 1-2, were that on
> December 12, 2014, Ross displayed a firearm that was

> in a metal box with cocaine at his residence. Ross
> displayed the firearm as if "showing it off."

(Gov't Resp. (Doc. 96) at 19-20.) These facts are, as found
above, sufficient to refute Petitioner's allegations without a
hearing. Petitioner, apparently recognizing the futility of his
argument as to constructive possession of the firearm in Count
Four, moved to amend his Petition in his reply. (First Mot. to
Am. (Doc. 101) at 1.) Instead of relying upon a constructive
possession argument, Petitioner alleged, for the first time,
that "the December 12, 2014, encounter with the UC#1 and CI
SOI#1 . . . never happened." (Id. at 4.) This claim presents at
least two problems.

First, a claim based upon an allegation that the facts
underlying Count Four are false is time barred. Although
Petitioner raised a challenge to his conviction as to Count
Four, that claim was based upon an allegation that he was not
guilty by reason of his possession of a firearm by constructive
possession. (Id. at 1.) Petitioner has now attempted to amend
his claim to allege that he never actually possessed a firearm
as found in Count Four, claiming that any allegations to the
contrary are false. The original claim of ineffective assistance
of counsel was based upon a legal mistake relating to
constructive possession, and the new claim is based upon
allegations of false statements by a confidential informant and,

resultingly, actual innocence. (See Second Mot. to Am. (Doc. 103) at 2 ("Petitioner is not guilty of 18 U.S.C. § 924(c).").

The one-year Anti-Terrorism and Effective Death Penalty Act ("AEDPA") statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, the final judgment as to Petitioner was entered on June 2, 2016. (Judgment (Doc. 76).) Petitioner did not appeal. The reply seeking to amend the original petition and raise this new claim of actual innocence was filed on July 26, 2019. (First Mot. to Am. (Doc. 101).) This claim does not relate back to the original claims because this is not the same "type" of "conduct," nor does this claim arise out of the same set of facts as set forth in the original pleading. United States v. Craycraft, 167 F.3d 451, 456-57 (8th Cir. 1999); see also United States v. Duffus, 174 F.3d 333, 335 (3d Cir. 1999). Specifically, the set of facts alleged in the original pleading, conviction of a § 924(c) offense on a theory of constructive possession, never occurred. Therefore, a new theory - that the undercover officer lied about the gun involved in the transaction - is based upon a new set of facts. While this court will allow Petitioner's motion to amend his reply, (Doc. 101), the motion is denied as futile to the extent

- 27 -

Petitioner seeks to amend his original Petition. This claim is time-barred.

Even if Petitioner's claim was not time barred, it would be denied on the merits. As described above, these belated allegations are diametrically opposed to Petitioner's admission to the factual basis and the Presentence Report as more fully described above. See Colley, 2017 WL 1362031, at *4 (quoting Blackledge, 431 U.S. at 74 and Fields, 956 F.2d at 1299). Petitioner spends a substantial amount of argument explaining how he continuously advised his counsel that these allegations are false, but nowhere does he offer any justification for his representations to the court that his actual possession of a firearm as to Count Four was true. Petitioner has failed to provide clear and convincing evidence to contradict his admission to this court.

B.    **Ground Three**

In Ground Three, Petitioner alleges that counsel's deficient performance at sentencing "denied Mr. Ross his Sixth Amendment guarantee of the assistance of counsel." (Petition (Doc. 91) at 9.) Petitioner alleges specifically that "the district court applied a four level enhancement for possession of a handgun with an obliterated serial number. The district court used the enhanced base level to commence [the] § 3553(a)

analysis." (Id. at 10.) This claim is contrary to the facts and frivolous.

The revised Presentence Report did contain an adjustment of four levels pursuant to U.S.S.G. § 2K2.1(b)(4)(B). (PSR (Doc. 67) ¶ 38.) However, at the sentencing hearing, the parties announced their agreement that four-level adjustment for an obliterated serial number should not apply. (Sentencing Tr. (Doc. 106) at 2-3.) This court accepted the parties' agreement and the guideline range was revised as follows:

> I will adopt the presentence report as the parties have agreed with respect to the amendments. Specifically, with respect to -- well, the only actual amendment that takes place is paragraph 38 of the presentence report applied a plus four for an obliterated serial number, we'll say, on one of the firearms. That enhancement is removed, and the defendant withdraws his objection to paragraph 37 in which the presentence report found that the offense involved 20 firearms.

(Id. at 4.) The revised range as to Counts One, Two, Three, and Seven was calculated as a total offense level 21 rather than a 25 as contained in the Presentence Report. (Id. at 4; PSR (Doc. 67) ¶ 46; see also Statement of Reasons (Doc. 77).) Petitioner's claim that the court improperly applied a four-level adjustment

pursuant to U.S.S.G. § 2K2.1(b)(4)(B) for an obliterated serial number is without merit.[5]

## III.   MOTIONS TO AMEND REPLY (Docs. 101, 103)

Petitioner's First Motion to Amend, (Doc. 101), sets forth a new claim of ineffective assistance of counsel, one that alleges actual innocence and that the motion is not timely. This claim does not relate back to the original claims because this is not the same "type" of "conduct," nor does this claim arise out of the same set of facts as set forth in the original pleading. Craycraft, 167 F.3d at 456-57; see also Duffus, 174 F.3d at 335. The motion, (Doc. 101), will therefore be denied to the extent that it attempts to amend the Petition.

---

[5] In his initial reply, Petitioner recognizes he was not enhanced by four levels and appears to withdraw that argument but switches to an argument that he should not have received a four-level enhancement for possessing 8-14 firearms. (See Pet'r's Reply (Doc. 99) at 2-3.) Nevertheless, in light of the facts admitted by Petitioner, this argument should be dismissed without a hearing for the same reasons outlined above with respect to Petitioner's admissions both to the factual basis and the Presentence Report. Furthermore, Petitioner admits he sold guns, and simply argues "the firearms were not his" and that while he sold guns, they were separate from his "drug-dealing activities." (Id.) The arguments as to the adjustment for the number of firearms is without merit as a factual matter. Finally, this claim is time barred, as it was not raised in the original petition and is therefore not filed within one year of the date the judgment became final. See 28 U.S.C. § 2244(d)(1). A court may raise the AEDPA limitations period sua sponte. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

The First Motion to amend the reply, (Doc. 101), will be granted in part to the extent it seeks to amend Petitioner's Reply. In replying to the Government's response, Petitioner assumes that the facts in Count Four occurred as alleged. (First Mot. to Am. (Doc. 101) at 6-13.) Those facts have been reviewed and considered by this court, and the motion to amend will be allowed. Those arguments do not, however, persuade this court that there is any merit to Petitioner's claim.

Petitioner moved a second time to amend his reply to "clarify facts and issues recently provided to this court . . ." (Second Mot. to Am. (Doc. 103) at 1.) Petitioner's second motion to amend, (Doc. 103), is in fact a motion to amend his original Petition to set forth a straight claim of actual innocence of the offense charged in Count Four. (See id. at 2.) This claim does not relate back to the original claims because, like the First Motion to Amend, (Doc. 101), in part, Petitioner's claim of "actual innocence" as to Court Four is not the same type of conduct. In short, Petitioner originally disputed whether he actually or constructively possessed a firearm in Court Four. (See Petition (Doc. 91) at 5.) Petitioner, in his Second Motion to Amend, (Doc. 103), contends the factual basis for Count Four did not occur. (Second Mot. to Am. (Doc. 103), at 2.) This motion, because it does not relate back, is untimely.

Petitioner's requested amended allegations, that he did not possess a firearm as alleged in Count Four, will be denied as untimely and therefore futile.

## IV. CONCLUSION

Petitioner presents no basis upon which to find he is entitled to relief, and the files and records of the case conclusively show that the prisoner is not entitled to relief. Even assuming some error on the part of counsel, which does not appear from this record, Petitioner has not shown any reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 694.

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. 91), is **DENIED**, that the Government's motion to dismiss, (Doc. 96), is **GRANTED**, and that this action is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend Petitioner's Reply to the Government's Response in Opposition to his § 2255 Motion to Vacate, (Doc. 101), is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Petitioner's Second of [sic] Motion to Amend Petitioner's Reply to the Government's Response in Opposition to his § 2255 Motion to Vacate, (Doc. 103), and

Petitioner's Motion for Summary Judgment, (Doc. 107), are **DENIED**.

A judgment dismissing this action will be entered contemporaneously with the Memorandum Opinion and Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 22nd day of October, 2019.

William L. Osteen, Jr.
United States District Judge